Your Name:_____ Thomas Hayes _____

Address:__ 1535 Franklin Street, # 4F, Denver, CO 80218 _____

Phone Number: ___ (720) 391-5133 _____

Fax Number: _____

E-mail Address:__ santeeseven@yahoo.com _____

Pro Se Plaintiff

FILED
APR 18 2019
SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

Civil Action No._____ CV 19-2106 EDL

COMPLAINT

**THOMAS HAYES**_____, Plaintiff

v.                                                        DEMAND FOR JURY TRIAL

**FACEBOOK**_____,          YES  X          NO___

_____, Defendant.

PARTIES

A. PLAINTIFF INFORMATION

   (Name and complete mailing address)
**Thomas Hayes, 1535 Franklin Street - #4F, Denver Colorado 80218**

   (Telephone number and e-mail address)
**720-391-5133 and, santeeseven@yahoo.com**

B. DEFENDANT INFORMATION

   Defendant 1: **Facebook,          1601 Willow Road, Menlo Park, CA 94025**
                (Name and complete mailing address)

**(650) 308-7300**
(Telephone number and e-mail address if known)

Defendant 2:   **N/A**
(Name and complete mailing address)
**N/A**
(Telephone number and e-mail address if known)

## C. JURISDICTION

*Identify the statutory authority that allows the court to consider your claim(s): (check one)*

_____Federal question pursuant to 28 U.S.C. § 1331 (claims arising under the Constitution, laws, or treaties of the United States)

List the specific federal statute, treaty, and/or provision(s) of the United States Constitution
that are at issue in this case.

_____

**\_X\_\_\_**Federal question pursuant to 28 U.S.C. § 1332 (a matter between individual or corporate citizens of different states and the amount in controversy exceeds $75,000)

Plaintiff is a citizen of the State of **Colorado**                                    .

If Defendant 1 is an individual, Defendant 1 is a citizen of **N/A**                      .

If Defendant 1 is a corporation,

Defendant 1 is incorporated under the laws of **Delaware**
(name of state or foreign nation).

Defendant 1 has its principal place of business in **California**
(name of state or foreign nation).

2

The amount in controversy is in excess of $75,000, not counting interest or cost of courts. Plaintiff seeks injunctive and declaratory relief under 28 U.S.C. § 1332, (a diversity of citizenship case in excess of $75,000). Plaintiff brings this lawsuit pursuant to California Civil Code 45 libel per se and California Civil Code 45a libel per quod due to actual damages ; and, 48a general, special and exemplary damages :

The plaintiff is a resident of Colorado and is currently incorporated in Colorado under the name Seventh Generation Fuels LLC. Defendant is both an individual and a corporate citizen incorporated in Delaware and whose primary place of business is in California.

Venue is appropriate in this Court because:

**A substantial part of the events I am suing about happened in this district.   X**

**INTRADISTRICT ASSIGNMENT**

This is a U.S. State District to U.S. State District lawsuit and the Plaintiff request it be assigned to a full U.S. District Judge. There is no intradistrict assignment of this case; this case is a state to state diversity case.

**D.   STATEMENT OF CLAIM(S)**

CLAIM ONE:
For referencing the California Civil Codes 45, 45a; and, 48a explains actionable damages (text of 48a omitted here).

**45.** Libel is a false and unprivileged publication by writing, printing, picture, effigy, or other fixed representation to the eye, which exposes any person to hatred, contempt, ridicule, or obloquy, or which causes him to be shunned or avoided, or which has a tendency to injure him in his occupation.

**45a.** A libel which is defamatory of the plaintiff without the necessity of explanatory matter, such as an inducement, innuendo or other extrinsic fact, is said to be a libel on its face. Defamatory language not libelous on its face is not actionable unless the plaintiff alleges and proves that he has suffered special damage as a proximate result thereof. Special damage is defined in Section 48a of this code.

The Plaintiff owns a Limited Liability Company incorporated in Colorado. The name of the Plaintiff's company is Seventh Generation Fuels LLC and is in good standing. Plaintiff owns three web-pages touting the Company's exclusive licensing, brokering, contracting, leasing

rights and all other business rights to the intellectual property claimed within the **United States Patent and Trademark Office Patent 9057024,** granted to Plaintiff on June 15th, 2015. The names of the web-pages are **wakute.wixsite.com/fuel** and **wakute.wixsite.com/climate** and **wakute.wixsite.com/flood** . The Plaintiffs email address is **santeeseven@yahoo.com** .

On June 28th, 2018, the Plaintiff using a preplanned business strategy joined the most well known social media available, Facebook (Defendant), in order to promote Plaintiff's business and web-page with two specific objectives 1) The entire object had been to obtain the Seventh Generation Fuels LLC 2019-2020 Business Plan Administrative Start-up costs of $30,000,000 by;  2) enlisting active Facebook Users to help find and/or write an environmental grant using the start-up equipment and other proposals sought in Plaintiff's web-pages as a scope of needs. Approximate need of the grant is $80,000. The objective of reaching the $30M had been developed from the onset of the strategy and is very attainable because of the lucrative value of the Plaintiff's company's fuel material and it's attributes. The desired amount is reasonable when considering the costliness of all other fuel materials available today. The Plaintiff's business project is an environmentally clean renewable energy in the form of a multi-applicable fuel material. Facebook is worldwide and this energy project is needed.

Beginning on July 10th, 2018 Plaintiff discovered that his posts/articles were being spammed. Sometime after being obsessed with the spamming/blocking Plaintiff noticed his contact information was also being blocked and libeled. Plaintiff cannot be exactly sure as to when Plaintiff noticed the blocking libelous message regarding his email. The Plaintiff assumed later after reviewing his timeline posts trying to ascertain when the spamming/blocking messages began. Plaintiff assumed that it must have been on July 10th also that the Plaintiff's signature email address: santeeseven@yahoo.com had been libeled and blocked. Since that was the time the harassment started it is the obvious conclusion the all harassment including the libel were initiated simultaneously, nevertheless it occurred. The Facebook link in question and the picture graphic evidence possessed by the Plaintiff reveals a constant spamming/blocking of all Plaintiff's post. The timeline record shows that for a period the Plaintiff had been consumed with writing new articles and attempting frustratedly to get them posted without success, so it had been sometime prior to filing the original complaint that Plaintiff noticed the full scope of the blocking and message pages being offered. Plaintiff cannot be exactly sure of the exact date he had noticed the "malicious" message displayed when Facebook viewers attempt to contact or view Plaintiff's business email address. It is important to note that the Plaintiff did create the Facebook page at issue in this case and that Facebook knew who the Plaintiff was. The Plaintiff created an accompanying business Facebook page, also on June 28th, 2019, using the same identifying logo, Plaintiff's company's logo is very bright and recognizable (A buffalo with a red winged blackbird on it's back standing in the sun). Plaintiff also listed the same email address and contact information which also were blocked in identical fashion. The Patent 9057024 advertised by the Plaintiff's web pages list "Thomas Hayes" as inventor. Facebook list Seventh Generation Fuels LLC's owner as Thomas Hayes. The whole idea of joining Facebook is so that people will know who you are: to present one's face, job interviewers research prospective employees using their accounts - Facebook knew who I was when their libel and harassment

4

began. The post and advertising Plaintiff did were were written discernibly to the average reader in order to reach a greater public. The posts were about the Plaintiff's life so that anyone that read them would know who the Plaintiff is. The Plaintiff gained well over 300 friends including several environmental organizations consisting of a possible hundreds of thousands that viewed the Facebook page in question. The Defendant then posted a libelous message when viewers were trying to contact the Plaintiff through his email address santeeseven@yahoo.com and blocked every post/article written by the Plaintiff claiming it was spam and it didn't meet Facebook's community standards. The Plaintiff immediately complained through a message form offered by Facebook about their "malicious" statement and received no reply nor change. Plaintiff then tried to remedy the assault by posting publicly on Facebook: "I am formally requesting that you contact whomever it is that has the reins to unblock me and to stop harassing me. Thank You Thomas Hayes." And still no reply nor change. After realizing I had no options I filed a civil complaint and notified Facebook by posting the case number. After the Plaintiff, through his filings, told the court about their use of the Plaintiff's libeled and blocked contact information in this very case they unblocked all of the web pages without comment. They removed the "malicious" statement but left and instagram message saying the link might have been removed. This proves that the Defendant knows who the Plaintiff is and is proof of culpability. No apology was ever attempted. The damage has been done and is irreversible. The Defendant generated a slanderous and libelous statement in which Facebook claimed the Plaintiff who is identified in all of his business web pages and promotions as santeeseven@yahoo.com was "Malicious" and "harmful". The Defendant advised in print that actual malice was waiting for them should a viewer contact the Plaintiff. This had been publicly visible and defaming to Plaintiff, to his business and to the efforts of his web-pages and to hsi better than just good intentions. By posting the "malicious" statement the Defendant also slandered all of Plaintiff's web-page content including a successfully claimed patent under the title: **"Liquefaction and internal logic flow processing unit and prioritized cost effective machine apparatus used for the creation of a liquid fuel material made from the underwater arching of carbon rods. Apparatus emphases are placed on cost-effectiveness and energy saving liquefaction process for the replacement of petroleum gasoline" (U.S. Patent 9057024).** This Patent is highly noticeable and has the name Thomas Hayes all over it.

After advising the Defendant they were slandering my email and needed to correct it requesting the defendant to quit harrassing and unblock all of the Plaintiff's contact information immediately, I have recorded this message. Once Plaintiff became fully aware what was occurring through Facebook's posting mechanism and spam messages, the Plaintiff filed a lawsuit in The United States District Court of Colorado. It took some time to realized the full impact of what was occuring to myself and my business - I continued to write and post articles even as each one was spammed until it felt like hatred. During this time, and prior to, it had been obvious that Facebook knew who the Plaintiff was because they had been using the email address they called "malicious" in their legal correspondence with the Plaintiff; and, during the lawsuit the "malicious" message was switched to another blocking message that claimed the email address violated Facebook's community standards.

From July 10th, 2018 until September 12th, 2018, the Defendant (Facebook) publicly posted this message and displayed it to all active Facebook users, investors and viewers whenever they click on Plaintiff's web-page or email address: **"BLOCKED - We believe the link you are trying to visit is malicious. For your safety, we have blocked it."**

The Plaintiff would like to make clear that it had been later assumed that the email message had been generated by Facebook at the same time or simultaneously as the spamming/blocking began but the exact date Plaintiff "discovered" the "malicious" statement cannot be certain, is certain it happened and Plaintiff noticing when it changed during the proceedings.

On September 22nd, 2018, long after Plaintiff had already posted notice to Facebook and it's viewers that litigation had been initiated. After that time the blocked post had been changed by Facebook to: **"You Can't Go to This Link From Facebook. The link you tried to visit goes against our Community Standards."** The messages have been copied and saved to Plaintiffs computer for evidence. Once again this proves they were aware of what they were doing and to whom they had been doing it to. Presently santeeseven@yahoo.com is being blocked by Facebook claiming through an instagram message that the link, my email address they are now using, may have been removed. Of course the Plaintiff has photographed and saved all the above evidence.

Defendant is suggesting potential investors and viewers do not contact Plaintiff by posting the above block messages as a response to viewers attempting to contact Plaintiff. Investors that decide to cut and paste the Plaintiffs blocked email information they will be led to believe none of the Plaintiff's web-page content is valid nor true and that Plaintiff is too malicious to contact. It is a threat to viewers to contact the Plaintiff even to the point that the Plaintiff's email address could give them a virus (which is what "...malicious. For your safety,..." means in the world of internet to a normal person).

The Plaintiff's intellectual achievements and property have been slandered and libeled by published false statements that are damaging to Plaintiff's reputation and is now at stake because of the necessity of filing this lawsuit and a written defamation and treatment of disrespect that had been viewable around the world; viewable to all active Facebook users across the globe and at present the contact email address is still not accessible as it was on July 28th, 2018 when Plaintiff created his Facebook page. The Plaintiff's Facebook page can be viewed by: https://www.facebook.com/thomas.hayes.71868964

Plaintiff's legally incorporated business and his individual efforts and full potential have been circumvented and defamed by the Defendant's spamming and blocking messages to potential investors and viewers. The email address is santeeseven@yahoo.com is presently not accessible by click on Plaintiff's page after all these months of complaining. The Facebook generated blocking message now says: *"Sorry, this page isn't available. The link you followed may be broken, or the page may have been removed. Go back to Instagram."* Presently Facebook uses the so-called unavailable page to correspond with the Plaintiff and have listed it on their

6

Certificate of Service on court record.

Plaintiff had previously sought and exhausted remedy prior to this complaint and had already attempted to seek to correct the issue toward a resolution with Facebook prior to this court filing and took photographic evidence of those efforts and stored them on his computer with other evidence.

During this lawsuit the son of the Plaintiff who had been with the First Marines from Camp Pendleton California from the very start of the war and was with the First Marines as they took Baghdad. Mato Ska Hayes seen a lot of war action and was a crew chief from the start because he had graduated 29 Palms as Honor Guard. He has obvious PTSD and the Plaintiff's family had been trying to locate him for several years now and he had been unresponsive. During this case Mato Skao Hayes accepted the Plaintiff's friend request and even sent a message stating only: "I love you Dad." The Plaintiff frantically emailed him back using the Facebook message service and found that the next day Facebook left me a message saying *"This message was removed because it includes a link that goes against our community standards."*

During this action no one has ever allowed the Plaintiff to bring witnesses that had viewed the messages. There have been persons who quit trying to help this business project during this lawsuit that very well could be from the controversy that are therefore attributable to the slander but it is hardly likely people who have now distanced themselves would testify on behalf of the Plaintiff having made their decision already. The Plaintiff has a grant writer currently who also had noticed Facebook's disparagement and libel and is willing to testify. Witness are available to this action and to the Plaintiff serious business efforts. It is the pleading of the Plaintiff that this case be recognized as libel per se based off the evidence already on the court record but also recognize that there is also special, actual and exemplary damages inherent in this case.

All this action from the Defendant is still currently causing additional pain and damage to the Plaintiff by causing hopelessness, frustration, panic, duress and anger upon the Plaintiff's mental state in far too many ways and has been very damaging to his legal business efforts and endeavors. At some point even reputation takes a backseat to mental anguish and hopelessness. Plaintiff asserts is entitled to relief.

The record and picture graphic evidence is sufficient to be actionable under the standard of California law as a per se claim of libel and all the damages including general, actual and special damages are requested and should be allowed under the standard of libel per se. And yet the evidence shows that general, actual and or special damages are inherent in this complaint, that it is so blatantly financially crippling, effecting and full of financial and mental consequences that it also can satisfy the higher standard of libel per quod and California Civ Code 48a regarding damages if necessary as laid out in CLAIM ONE.

### E.   REQUEST FOR RELIEF

The Plaintiff's intellectual achievements and property have been slandered and libeled by published false statements that have been damaging to Plaintiff's reputation through a written defamation that is viewable to the entirety of active Facebook Users across the globe.

The Plaintiff respectfully submits he is entitled to all of the amounts listed above ($30,000,000; $3,000,000; and, $80,000) which are now being obstructed and hindered by the Defendant through his continued actions and defamation.

Plaintiff request Defendant be ordered to pay Plaintiff's company Administrative Start-Up Cost as listed in the 2018-2019 Seventh Generation Fuels LLC business plan which is $30,000,000.

The Plaintiff request Defendant be ordered to pay ten-percent amount of start-up costs which Plaintiff had been soliciting and is $3,000,000, as that had also been an attainable objective. The %10 amount was to satisfy the standard requirement of principal funders to provide the rest. The media objective had been to obtain the (%10) or $3,000,000 and use it to then obtain the total start-up costs. Plaintiff request the (%10) amount in judgement of an additional $3,000,000.

As mentioned in CLAIM ONE Plaintiff had been using social media to obtain a grant writer with the objective of getting an environmental grant sufficient to cover the needs listed in Plaintiff's web-pages and that amount had been approximately $80,000 and Plaintiff request this amount added to any other entitled relief.

Because the Defendant's publications have already been posted worldwide causing long lasting funding damage to the corporate endeavors of Plaintiff's legal business by defamation. The personal cost already paid that it took to prosecute U.S. Patent 9057024, which after more then ten years and thousands of dollars, a type of damage cannot be estimated immediately. All this had been ready and was circumvented after June 28th, 2018 when a Facebook account was open by the Plaintiff and promptly censored, vetted and libeled soon after by the Defendant.

Damage has been done by Defendant that cannot be reversed without monetary award for damages and a public acknowledgement and apology by way of public monetary damages being awarded by this Honorable Court. A simple retraction and apology will not suffice.

Plaintiff also request damages for emotional relief such as exemplary damages, punitive damages, pain and suffering damages, compensatory damages, damages for emotional stress and undue suffering and for actual damage done to Plaintiff's mental state by aggressively

8

circumventing the Plaintiff's fleeting chance to make actual contact with his disabled war hero son. The mental anguish setback and vetting defeat of a well planned out strategy for a business and what it cost is not presently knowable but is at least as much as what has been claimed so far herein.

Because this is a state to state diversity case involving a large amount of money at stake and with at least one huge multi-billion dollar company pitted against a self-represented citizen with a startup company that although is asset rich is currently impecunious from another state it is the respectful request that a full U.S. District Judge be appointed to this lawsuit. This lawsuit cannot be remedied by a simple retraction. The Plaintiff request all the damages above and their amounts in relief.

### F.   PLAINTIFF'S SIGNATURE

I declare under penalty of perjury that I am the plaintiff in this action, that I have read this complaint, and that the information in this complaint is true and correct. *See* 28 U.S.C. § 1746; 18 U.S.C. § 1621.

Under Federal Rule of Civil Procedure 11, by signing below, I also certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending or modifying existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

(Plaintiff's signature) _/s/ Thomas Hayes_

(Date) _April 15th, 2019_

### CERTIFICATE OF SERVICE

I hereby certify that the foregoing was served by and upon its filing with this Court by delivering it to the Clerk of Court for the Northern District of California and interested parties at the addresses enumerated below and by depositing in the U.S. Mail to the addresses set forth below, on April _15th_, 2019,

_/s/ Thomas Hayes_

Thomas Hayes, pro se Plaintiff
1535 Franklin Street - #4F
Denver, CO 80218
santeeseven@yahoo.com
Telephone number 720-391-5133

Cc: Carolin Topelson Law, LLC

Carolin E. Topelson #35747
3900 E. Mexico Ave, Suite 300
Denver, CO 80210

OFFICE OF THE CLERK
U.S. District Court for the Northern District of California
450 Golden Gate Avenue
San Francisco, California  94102