KEKER, VAN NEST & PETERS LLP
MATAN SHACHAM - # 262348
mshacham@keker.com
GAVIN THOLE - # 325713
gthole@keker.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone:     415 391 5400
Facsimile:     415 397 7188

Attorneys for Defendant
FACEBOOK, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| THOMAS HAYES,<br><br>    Plaintiff,<br><br>    v.<br><br>FACEBOOK,<br><br>    Defendant. | Case No. 3:19-cv-02106-TSH<br><br>**DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS, MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Date:   September 12, 2019<br>Time:   10:00 a.m.<br>Judge: Magistrate Judge Thomas S. Hixson<br>Dept.:   Courtroom A – 15th Floor<br><br>Date Filed:  September 12, 2018<br><br>Trial Date:  None set |

# TABLE OF CONTENTS

**Page**

I.  INTRODUCTION ......................................................................................................... 2

II. BACKGROUND ........................................................................................................... 3

    A.    Factual Background ........................................................................................... 3

    B.    Procedural History ............................................................................................. 4

III. LEGAL STANDARD .................................................................................................... 6

IV. ARGUMENT ................................................................................................................. 7

    A.    Plaintiff's complaint fails to state a claim because the notices were not "of or concerning" him. ............................................................................................ 7

    B.    Plaintiff's complaint also fails to state a claim because the notices were not defamatory. ........................................................................................................ 9

    C.    Plaintiff's complaint also fails to state a claim because the notices are merely opinions. ................................................................................................ 12

    D.    Plaintiff's complaint also fails to state a claim because he has failed to plead the requisite scienter. .............................................................................. 12

V.  CONCLUSION ............................................................................................................ 13

# TABLE OF AUTHORITIES

Page(s)

**Federal Cases**

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009)..................................................................................................6, 7

*Barger v. Playboy Enters.*,
   564 F. Supp. 1151 (N.D. Cal. 1983) ............................................................................7

*Darnaa, LLC v. Google, Inc.*,
   No. 15-cv-03221, 2015 WL 7753406 (N.D. Cal. Dec. 2, 2015)..................................11

*Eminence Capital, LLC v. Aspeon, Inc.*,
   316 F.3d 1048 (9th Cir. 2003) .....................................................................................7

*Gardner v. Martino*,
   563 F.3d 981 (9th Cir. 2009) .....................................................................................13

*Masson v. New Yorker Magazine, Inc.*,
   832 F. Supp. 1350, 1363 ............................................................................................12

*Price v. Stossel*,
   620 F.3d 992 (9th Cir. 2010) .....................................................................................12

*SDV/ACCI v. AT&T Corp.*,
   522 F.3d 955 (9th Cir. 2008) .......................................................................................9

*Thomas v. L.A. Times Commc'ns LLC*,
   189 F. Supp. 2d 1005 (C.D. Cal. 2002), *aff'd*, 45 Fed. Appx. 801 ...........................12

**State Cases**

*Baker v. Los Angeles Herald Exam'r*,
   42 Cal. 3d 254 (1986) ................................................................................................12

*Barnes-Hind, Inc. v. Super. Ct.*,
   181 Cal. App. 3d 377 (1986) ................................................................................9, 12

*Bartholomew v. YouTube, LLC.*,
   17 Cal. App. 5th 1217 (Cal. Ct. App. 2017) ..........................................................8, 10

*Blatty v. N.Y. Times Co.*,
   42 Cal. 3d 1033 (1986) ................................................................................................7

*Carlisle v. Fawcett Publ'ns, Inc.*,
   201 Cal. App. 2d 733 (1962) .....................................................................................10

*Carney v. Santa Cruz Women Against Rape*,
    221 Cal. App. 3d 1009 (1990) ........................................................................................... 13

*Carr v. Widen*,
    159 Cal. App. 3d 1166 (1984) ........................................................................................... 12

*Ferlauto v. Hamsher*,
    74 Cal. App. 4th 1394 (1999) ............................................................................................. 7

*Forsher v. Bugliosi*,
    26 Cal. 3d 792 (1981) ....................................................................................................... 10

*Franklin v. Dynamic Details, Inc.*
    116 Cal. App. 4th 375 (2004) ........................................................................................... 12

*Noral v. Hearst Publns, Inc.*,
    40 Cal. App. 2d 348 (1940) ................................................................................................ 7

*Palm Springs Tennis Club v. Rangel*,
    73 Cal. App. 4th 1 (1999) ................................................................................................... 9

*Polygram Records*,
    170 Cal. App. 3d 543, 550 (1985) ...................................................................................... 9

**State Statutes**

Cal. Civ. Code § 45 ............................................................................................................. 3, 9, 11

**Rules**

Fed. R. Civ. P. 12(b)(6) ................................................................................................................ 6

**Other Authorities**

California Civil Jury Instructions Nos. 1704, 1705 .................................................................... 13

## NOTICE OF MOTION AND MOTION

TO ALL PARTIES AND COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on September 12, 2019 at 10:00 a.m., or as soon thereafter as this matter can be heard, in Courtroom A on the 15th Floor of the United States District Court for the Northern District of California, located at 450 Golden Gate Avenue, San Francisco, CA 94102, Defendant Facebook will move this Court for an order dismissing Plaintiff's complaint in No. 3:19-cv-02106-TSH.

Defendant's motion will be based on this Notice of Motion and Motion and the Memorandum of Points and Authorities set forth below, as well as the papers and documents properly on file with the Court in these consolidated actions.

Dated:  August 1, 2019                                   KEKER, VAN NEST & PETERS LLP

                                                By:  */s/ Gavin Thole*
                                                     MATAN SHACHAM
                                                     GAVIN THOLE

                                                     Attorneys for Defendant
                                                     FACEBOOK, INC.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

For the third time, Plaintiff Thomas Hayes tries to transform innocuous statements into a $30,000,000 defamation lawsuit. Plaintiff alleges that Facebook blocked a link on his Facebook page because the link "violated Facebook's community standards" and could be "malicious." As the Court has twice concluded, these statements do not rise to the level of defamation. They "do not refer to" Plaintiff—whether in "an express reference" or "by reasonable implication." Instead, they relate only to "*an internet link*" and do not "plausibly suggest anything negative" about Plaintiff.[1]

Plaintiff's most recent amended complaint fairs no better than his last. After he demanded a new judge and filed a separate lawsuit on similar facts,[2] the Court directed Plaintiff "to state as clearly as possible" how the statements "referred to" him. The Court noted which of Plaintiff's allegations were insufficient to support this element of his defamation claim—including, in particular, the allegations that Plaintiff created a Facebook page "with a recognizable logo," that Plaintiff's page "states that he is the owner of [the business]," that the statements were displayed "when users clicked on the link to" Plaintiff's website or his email address, and that Plaintiff has made numerous "Facebook posts [] about him[self]" on his page.[3]

**Plaintiff's amended complaint merely reiterates the same, insufficient allegations that this Court has twice rejected.** Plaintiff's first claim contains no new facts of consequence.[4] And what Plaintiff calls "claim two" is also a rehash of his previous pleadings—in fact, it is almost identical.[5] Plaintiff's amended complaint thus fails to state a claim for the very same reasons as his first.

The Court need not press further in its analysis. If it does, however, Plaintiff's amended

---

[1] Order, ECF No. 9 at 8, 9 (emphasis in original).
[2] *Id.* at 1, *see id.* at 2 n.1.
[3] *Id.* at 8, 9; *see also* No. 3:19-cv-01297, ECF No. 61 at 5-6.
[4] *Compare* Amended Complaint, ECF No. 10 at 3-4 *with* Complaint, ECF No. 1 at 3-7.
[5] *Compare* ECF No. 10 at 5 *with* ECF No. 1 at 7.

complaint also fails to state a claim for at least three additional, independent reasons:

***First***, the statements were not defamatory because no reasonable reader would interpret them to expose Plaintiff to hatred, contempt, or ridicule. Cal. Civ. Code §45. The innocuous notices were too generic and not sufficiently pejorative to support a libel claim. They do not—and cannot reasonably be read to—make any accusation of contemptible behavior. They simply do not expose Plaintiff to the kind of harm that the libel laws are designed to protect against.

***Second***, the statements were not defamatory because they merely reflected Facebook's opinion: its decision that Plaintiff's hyperlinks should not be shared on the Facebook platform. Such statements of opinion generally are not actionable in a claim for defamation.

***Third***, Plaintiff has not and cannot plead that Facebook was "at fault"—*i.e.*, that it had the requisite scienter to support a claim for defamation. Plaintiff's amended complaint contains no factual allegations that plausibly suggest Facebook was aware of, or negligent with respect to, the statements' falsity.

Facebook respectfully requests that the Court dismiss the amended complaint *without leave to amend*. This case has sprawled from the District of Colorado,[6] to the Tenth Circuit,[7] and now to two separate dockets in this Court.[8] Plaintiff has filed four complaints, five motions for summary judgment, and numerous other meritless motions—none of which has been granted by any of the three separate judges to have considered them. Now the third time this same set of facts has been litigated in this Court, Plaintiff has not stated or alluded to the existence of any additional facts that warrant a fourth opportunity. For any and all of those reasons, and as more fully set forth below, the Court should dismiss Plaintiff's amended complaint with prejudice.

## II.     BACKGROUND

### A.     Factual Background

Defendant Facebook, Inc. operates the world's leading social media service. Over two

---

[6] *See* U.S. District Court for the District of Colorado, No. 1:18-cv-02333-MEH.

[7] *See* U.S. Court of Appeals for the Tenth Circuit, No. 19-1103.

[8] *See* U.S. District Court for the Northern District of California, Nos. 3:19-cv-01297-TSH, 3:19-cv-02106-TSH.

1338617.v2

billion people worldwide use Facebook to create personal profiles, build community, and share content.

Plaintiff Thomas Hayes is a Colorado resident who owns a limited liability company. ECF No. 10 at 3. He alleges that he signed up for Facebook as part of a "business strategy." *Id.* The "business strategy" appears to have little to do with promoting his business. Instead, he planned to use Facebook to solicit others to write grants on behalf of his company. *See id.* at 4. Specifically, his objective was to solicit "active Facebook viewers to help find and/or write an environmental . . . grant." *Id.* Plaintiff hoped that soliciting these grants would earn his company $80,000. *Id.* at 5.

Plaintiff claims that in July 2018, he "discovered that his posts/articles were being continually spammed." *Id.* at 4. He claims that Facebook blocked his "page's email address: santeeseven@yahoo.com" using an "email blocking post"—which Plaintiff claims is defamatory. *Id.* According to Plaintiff, the "email blocking post" came in three iterations: first, "BLOCKED – We believe the link you are trying to visit is malicious. For your safety, we have blocked it." Second, "You Can't Go to This Link From Facebook. The link you tried to visit goes against our Community Standards." And finally, "Sorry, this page isn't available. The link you followed may be broken, or the page may have been removed. Go back to Instagram." *Id.*[9]

Plaintiff seeks $33,080,000 in damages. *Id.* at 5.

B. **Procedural History**

Plaintiff originally filed this suit in September 2018 in federal court in Colorado. No. 3:19-cv-01297-TSH, ECF No. 1. Magistrate Judge Gordon P. Gallagher, U.S. District Court for the District of Colorado, dismissed Plaintiff's first complaint *sua sponte* for vagueness and failure to state a claim, *id.* ECF No. 9, and Plaintiff filed an amended complaint. *Id.* ECF No. 10. Facebook filed motions to dismiss or, in the alternative, transfer the case to the Northern District

---

[9] Plaintiff alleges that a similar statement was visible to him on Facebook's messaging service. *See* ECF No. 10 at 5 ("This message was removed because it includes a link that goes against our community standards."). But Plaintiff never alleges that this statement was published to, or visible to, anyone besides himself; to the contrary, he alleges that Facebook left him the message privately. *See id.* at 5.

of California. *Id.* ECF Nos. 40, 41.  In March 2019, Magistrate Judge Michael E. Hegarty granted Facebook's motion to transfer. *Id.* ECF No. 54 at 6.  Facebook's motion to dismiss remained pending.

Before Facebook's motion to dismiss was decided, Plaintiff filed four motions for summary judgment. *Id.* ECF Nos. 29, 30, 44, 62.  Each was denied. *Id.* ECF No. 35, 63. Plaintiff also appealed the District of Colorado's transfer order to the U.S. Court of Appeals for the Tenth Circuit.  *See* 10th Cir. No. 19-1103 (docketed Mar. 20, 2019).  While the appeal was pending, Plaintiff filed a "memorandum of law supplementing question in motion to appeal" in the District of Colorado.  *See* D. Colo. No. 18-cv-02333, ECF No. 60.  The District of Colorado denied it, concluding that "Plaintiff's appeal in this Circuit is not taken in good faith" and was "not jurisdictionally proper."  *See id.*, ECF No. 61 at 1-2.  Meanwhile, the Tenth Circuit in a two-page order dismissed Plaintiff's appeal for lack of jurisdiction.  *See* 10th Cir. No. 19-1103, Order (filed April 15, 2019).

After this action was transferred to the Northern District of California, this Court heard argument and granted Facebook's motion to dismiss.  No. 3:19-cv-01297-TSH, ECF No. 61 at 6. The Court correctly concluded that Plaintiff's allegations do not give rise to an actionable defamation claim because "[t]he statements Hayes complains about are not *about him*." *Id.* ECF No. 61 at 5 (emphasis in original).  Although Plaintiff had alleged—as he does again in his most recent complaint—that the blocking notice was displayed when users clicked on the email address santeeseven@yahoo.com, the Court concluded that his complaint failed to state a claim because neither Plaintiff's website link nor his email address "incorporates [his] name or other information reasonably identifying him." *Id.* at 5-6.

Although the Court granted Plaintiff leave to amend by filing "a second amended complaint within 30 days," *id.*, Plaintiff declined to do so.  Instead, he "filed a new case based on the same factual allegations," ECF No. 64 at 1, and requested a new judge, *see* Compl. at 9 (requesting "that a full U.S. District Judge be appointed to this lawsuit").  After his time to amend had expired, the Court allowed Plaintiff the opportunity to explain "whether his April 18, 2019 complaint is (1) intended to be an amended complaint in his original case . . . or (2) intended as a

5

new case." ECF No. 64 at 2.  Plaintiff again refused to do so.  Instead, he attempted to decline magistrate jurisdiction, ECF No. 70, and then tried to file a fifth motion for summary judgment.  ECF No. 78.

On July 3, this Court—for the second time—dismissed Plaintiff's claims on the merits.  The Court concluded that Facebook's statements "do not refer to Hayes."  No. 3:19-cv-02106-TSH, ECF No. 9 at 8.  The statements were neither "express reference[s]," nor did they refer to him "by reasonable implication."  *Id*.  The Court further concluded that "malicious activity warning about an internet link to an article on a company's website, or to a company's email address, does not plausibly suggest anything negative about the owner of the company."  *Id*. at 9.

Plaintiff filed his most recent amended complaint on July 19.  ECF No. 10.  The amended complaint contains no new factual allegations.  Each and every allegation is recycled from Plaintiff's earlier pleadings.  In sum:

- Each of the allegedly-defamatory statements is identical to those previously pled;
- The context of the statements is identical to Plaintiff's previous allegations; and
- Plaintiff pleads no new facts showing that the statements were *about him*.[10]

### III.    LEGAL STANDARD

The court must dismiss the complaint if it "fails to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  To survive, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  Plausible allegations require "more than a sheer possibility that a defendant has acted unlawfully."  *Id*.  A plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id*.  "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of

---

[10] *Compare* ECF No. 10 at 3-5 *with* ECF No. 1 at 3-9.

the line between possibility and plausibility of 'entitlement to relief.'" *Id.*

Denial of leave to amend is appropriate for "repeated failure to cure deficiencies" and "futility." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

## IV. ARGUMENT

### A. Plaintiff's complaint fails to state a claim because the notices were not "of or concerning" him.

Under California law, "Plaintiffs who sue for defamation must show that the allegedly libelous statements were made 'of and concerning' them, *i.e.*, referred to them personally." *Barger v. Playboy Enters.*, 564 F. Supp. 1151, 1153 (N.D. Cal. 1983). A defamation plaintiff "cannot constitutionally establish liability unless he proves that the contested statements are 'of and concerning' him either by name or by 'clear implication.'" *Ferlauto v. Hamsher,* 74 Cal. App. 4th 1394, 1404 (1999). Plaintiffs who are not identified by name in an allegedly defamatory publication bear a high burden of showing that the statement at issue "referred to them personally." *Barger,* 564 F. Supp. at 1153; *Noral v. Hearst Publns, Inc.,* 40 Cal. App. 2d 348, 352 (1940) ("certainty as to the person who is defamed" is a fundamental necessity). Thus, as the California Supreme Court has explained, a defamation claim cannot rest on "nonspecific statements" that plaintiffs believe have "cause[d] them some hurt":

> The "of and concerning" or specific reference requirement limits the right of action for injurious falsehood, granting it to those who are the direct object of criticism and denying it to those who merely complain of nonspecific statements that they believe cause them some hurt. To allow a plaintiff who is not identified, either expressly or by clear implication, to institute such an action poses an unjustifiable threat to society.

*Blatty v. N.Y. Times Co.*, 42 Cal. 3d 1033, 1044 (1986) (emphasis added). The principle is clear and important: defendants must not be forced to defend lawsuits based on non-specific statements that were not aimed at a particular person. *See id.*

As the Court has recognized, Plaintiff's claim fails to meet this standard because the notices were not "of or concerning" him—indeed, they do not reference or refer to him *in any*

7

*way*. *See* No. 3:19-cv-01297-TSH, ECF No. 61 at 5-6; No. 3:19-cv-02106-TSH, ECF No. 9 at 8-9.

In the internet context, courts have held that general website notices are not "of or concerning" a plaintiff merely because they are linked to, or accessible from, the plaintiff's own unique page. *See, e.g.*, *Bartholomew v. YouTube, LLC.*, 17 Cal. App. 5th 1217 (Cal. Ct. App. 2017). In *Bartholomew*, for example, a career musician uploaded one of her music videos to YouTube. *Id.* at 1221. Like Plaintiff, she signed up for YouTube and uploaded the content to promote herself and her business. *See id.* YouTube blocked Bartholomew's video, replacing it with "the image of a distressed face" and a "written statement" that the "video had been removed because its content violated YouTube's Terms of Service." *Id.* at 1222. Like Facebook's in this case, YouTube's notice did not refer to the musician. *Id.* She nevertheless brought claims for libel. *Id.* at 1224. The musician argued that the statements referred to her because she had a unique page: that the video she posted had a specific "URL" that was "dedicated to her video" alone. *Id.* at 1228. YouTube's statements could further be linked to her, the musician argued, because she had "shar[ed] the URL with her listeners, viewers, and other members of the public." *Id.* at 1221. The Court rejected both arguments: it concluded that any "Internet user with a reasonable working knowledge of how Internet hyperlinks work would have understood" that the allegedly-defamatory notices were "general—and that no particular offense could be reasonably read to apply to" the musician. *Id.* at 1229.

The same reasoning applies here. Facebook's notices did not explicitly reference Plaintiff. Nor was there anything on the page where the statements were posted—the "blocking" page—that referenced Plaintiff. Nor did the statements reference Plaintiff by implication (*e.g.*, by pointing to "this user" or "this user's page" or "the poster of this content" or "the creator of these websites"). Thus, even if a Facebook user visited the page where the statements were posted, there would be no reasonable basis to believe that the statements cast aspersions on Plaintiff personally.

Moreover, even if the statements *could* be read to refer to Plaintiff's *company* (they cannot), that alone is not sufficient. California's "of and concerning" requirement is satisfied

only when the defendant attacked the plaintiff personally—"as distinct from the quality of [his] goods." *Barnes-Hind, Inc. v. Super. Ct.*, 181 Cal. App. 3d 377, 381 (1986); *see also, e.g., Polygram Records*, 170 Cal. App. 3d 543, 550 (1985) (libel statutes are "concerned with statements that cast aspersions upon the plaintiff directly or by imputation fairly implied, not statements that, though disparaging of the quality of his business or goods, do not call into question the plaintiff's honesty, integrity or competence or reasonably imply some reprehensible personal characteristic."). Thus, where a defamation claim is based on statements about a Plaintiff's company, the statement must not only *refer to the company* (here, they do not), but they must *also* "be capable of being understood to refer to the plaintiff, . . . [*and*] must be shown actually to have been so understood by a third party." *See, e.g. SDV/ACCI*, 522 F.3d 955, 960 (9th Cir. 2008) (noting that defamatory statements typically refer to businesses that "bore the individual plaintiff's name"). As the Court previously concluded, Plaintiff has not alleged that here. *See* ECF No. 9 at 8-9.

### B. Plaintiff's complaint also fails to state a claim because the notices were not defamatory.

Even if the statements were "of or concerning" Plaintiff (they were not), the complaint would fail for yet another, independent reason: The alleged statements are too generic and not sufficiently pejorative to support a libel claim. They simply do not expose plaintiff to the kind of harm that the libel laws are designed to protect against.

To state a cause of action for libel, a plaintiff must allege that the defendant published a statement that "exposes [the plaintiff] to hatred, contempt, ridicule, or obloquy, or which causes him to be shunned or avoided, or which has a tendency to injure him in his occupation." Cal. Civ. Code § 45. Whether a plaintiff proceeds on a theory that an alleged statement was defamatory on its face (libel *per se*), or whether the defamatory meaning can be ascertained only by reference to "inducement, innuendo or other extrinsic fact" (libel *per quod*), "[i]f no reasonable reader of a publication could impute to a statement therein a meaning which tended to harm the reputation of the plaintiff in any of the respect enumerated in Civil Code Section 45, then there is no libel at all." *Palm Springs Tennis Club v. Rangel*, 73 Cal. App. 4th 1, 5-6 (1999). It is the province of

the court on a demurrer to "determine if the communication reasonably carries with it a defamatory meaning." *Forsher v. Bugliosi*, 26 Cal. 3d 792, 803 (1981); *see also Carlisle v. Fawcett Publ'ns, Inc.*, 201 Cal. App. 2d 733, 742 (1962) (if an alleged statement "is not fairly susceptible of the defamatory meaning sought to be attributed to it, the complaint fails to state a cause of action.").

Here, the statements do not accuse Plaintiff of doing anything wrong. They do not say that Plaintiff posted malicious content, or that the content was in fact malicious (only that Facebook "believed" the "link" itself may have been malicious). They take no position on how or why that might be so, or who or what entity might be responsible for it. In short, these were not accusatory statements, they were informational. The statements did nothing more—and no reasonable person would interpret them to have done more—than inform Facebook users that they should no longer access certain content from Facebook.

In the internet context, courts have held that generic website blocking notices are not defamatory because they do not expose one to hatred, contempt, or ridicule. In *Bartholomew*, the allegedly-defamatory statements included insinuations that the musician's music video contained "Sex and Nudity," "Hate Speech," "Shocking and Disgusting," "Dangerous Illegal Acts," "Children," "Harassment," "Impersonation," or "Threats," among others. *Id.* These categories were supported with further explanations: "sexually provocative," "gratuitously graphic," "racist or sexist," "incite[s] hatred or violence," "dangerous illegal acts," and others. *Id.* n. 3. The trial court nevertheless sustained YouTube's demurrer, concluding that YouTube's notice "was not defamatory on its face (as required for libel *per se*) because it did not mention [the musician] in any way and contained nothing that would subject [her] to hatred, contempt, or the like." *Id.* at 1224. Despite the explanations, a "reasonable reader would not infer . . . that the video contained the specific kinds of improper content mentioned." *Id.*

After the trial court rejected her claim for libel *per se*, Bartholomew filed an amended complaint on a theory of libel *per quod*. *Id.* The trial court sustained YouTube's demurrer again—this time *without* leave to amend. It found that the removal notice "was not libelous whether or not it is interpreted in light of the" community guidelines. *Id.* at 1225. The Court of

Appeals agreed: it concluded the notices were neither defamatory *per se* nor *per quod*,[11] and it upheld the trial court's dismissal of the complaint without leave to amend. *Id.* at 1225, 1226 n.4. "[E]ven taking into consideration [plaintiff's] profession, we do not think that the removal statement can be deemed to subject her to 'hatred, contempt, ridicule, or obloquy, or cause her to be shunned or avoided or tend to injure her in her occupation." *Id.* at 1232.

Courts in this district have held the same. In *Darnaa, LLC v. Google, Inc.*,[12] the plaintiff, another music artist who used the YouTube website to promote her music, alleged that YouTube posted a "pejorative message" that plaintiff's "video had been removed for violation of the YouTube Terms of Service." *Id.* The plaintiff argued that the statement was defamatory because it implied that she, "a business person," as well as her "business itself," had "violated the terms of a contract." *Id.* at *9. The Court disagreed, holding that the statement was not defamatory *per se*. *Id.* The statement had "ambiguous meaning" or was "innocent on [its] face" and could be defamatory "only in the light of extrinsic circumstances" not pled. *Id.* at *10.

The same reasoning applies here. The generic notices merely reflected Facebook's decision to remove Plaintiff's link from the Facebook platform. The statements do not describe the content on plaintiff's pages, the nature of any violation of Facebook's Community Standards, or anything about the circumstances that led to the link's removal. No human being is mentioned or referenced in the statements, nor is anything that would cause such a person to be ridiculed, shunned, or injured in their occupation. The statements do not say, and cannot be read to suggest, that Plaintiff engaged in any conduct that was in any way grounded in fraud, dishonesty, or other untoward behavior. The statements neither say nor imply anything about Plaintiff's character, his intentions, or his business.

As a matter of law, none of these statements is defamatory: no reasonable person could read these notices and conclude that, on their face, they would subject plaintiff to "hatred, contempt, ridicule, or obloquy, cause her to be shunned or avoided, or have a tendency to injure her in her occupation." Cal. Civ. Code § 45. Plaintiff cannot create defamation out of thin air by

---

[11] *See id.* at 1228, 1232.

[12] No. 15-cv-03221, 2015 WL 7753406 (N.D. Cal. Dec. 2, 2015).

reading into Facebook's statements allegations that simply are not there.  Such implications are simply "too vague to constitute actionable defamation."  *E.g.*, *Price v. Stossel*, 620 F.3d 992, 1004 (9th Cir. 2010) (rejecting defamation claims brought by a minister).

  **C.** **Plaintiff's complaint also fails to state a claim because the notices are merely opinions.**

  Provably false statements of fact are actionable as defamation, while opinions generally are not.  *See Franklin v. Dynamic Details, Inc.* 116 Cal. App. 4th 375, 384-385 (2004).  A statement of opinion "is actionably only if it implies the allegation of undisclosed defamatory facts as the basis for the opinion."  *Baker v. Los Angeles Herald Exam'r*, 42 Cal. 3d 254, 266 (1986).

  Here, the notices at issue—e.g., "we believe the link you are trying to visit is malicious," and the link "goes against our Community Standards," *see* ECF No. 10 at 4—merely reflect Facebook's opinion that the links should be removed from the Facebook platform.  *See, e.g.*, *Baker*, 42 Cal. 3d 254 at 266 (concluding that when a statement begins "my impression is…" the statement is one of opinion rather than fact); *Carr v. Widen*, 159 Cal. App. 3d 1166, 1171 (1984) (concluding that the statement "*I think* someone is being bought on the Planning Commission" was "not defamatory" because it was "cautiously phrased in terms of apparency.").  It is entirely proper to dismiss a defamation claim where some theoretical person could read a statement as defamatory, but that reading would not be *reasonable*.  *See, e.g.*, *Barnes-Hind, Inc.*, 181 Cal. App. 3d at 386 ("If no reasonable reader would perceive in a false and unprivileged publication a meaning which tended to injure the subject's reputation in any of the enumerated respects, then there is no libel at all.").

  **D.** **Plaintiff's complaint also fails to state a claim because he has failed to plead the requisite scienter.**

  To state a claim for defamation, Plaintiff must establish that Facebook "intended to convey a defamatory expression."  *Thomas v. L.A. Times Commc'ns LLC*, 189 F. Supp. 2d 1005, 1013 (C.D. Cal. 2002), *aff'd*, 45 Fed. Appx. 801; *see also Masson*, 832 F. Supp. 1350, 1363 (speaker's "awareness of defamatory meaning is properly an element of a defamation claim").  He must also establish that Facebook was at least negligent regarding the truth or falsity of the

statements.  *See, e.g.*, *Gardner v. Martino*, 563 F.3d 981, 989 (9th Cir. 2009); *Carney v. Santa Cruz Women Against Rape*, 221 Cal. App. 3d 1009, 1015 (1990); California Civil Jury Instructions Nos. 1704, 1705 (requiring plaintiff to demonstrate that defendant "failed to use reasonable care to determine the truth or falsity of the statement(s)" at issue).  The amended complaint makes no allegation of anything resembling these requirements.  Without such allegations, Plaintiff has no viable defamation claim.

### V. CONCLUSION

Plaintiff's amended complaint fails to remedy the defects in his last pleading.  The Court should dismiss it with prejudice.

Dated:  August 1, 2019

KEKER, VAN NEST & PETERS LLP

By: */s/ Gavin Thole*
MATAN SHACHAM
GAVIN THOLE

Attorneys for Defendant
FACEBOOK, INC.